WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lex Kantarze, | No. CV-16-1675-PHX-DKD |
| Plaintiff, | |
| v. | **ORDER** |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Lex Kantarze appeals the Commissioner of the Social Security Administration's decision to adopt the Administrative Law Judge's (ALJ) ruling denying his claim for disability insurance benefits under Title II of the Social Security Act. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and, with the parties consent to Magistrate Judge jurisdiction, pursuant to 28 U.S.C. § 636(c).

The Commissioner agrees that the ALJ's decision was not supported by substantial evidence but argues that the record contains outstanding evidentiary conflicts and so the appropriate remedy is to remand this matter for further proceedings. (Doc. 25) Kantarze replied that his case meets the Ninth Circuit's standard for a remand for benefits.[1] (Docs. 1, 26)

---

[1] Kantarze argues, in part, that he is entitled to relief because of the time it has and will take the Commissioner to review his case. (Doc. 26 at 5) This argument for equitable relief based on a lengthy adjudication process has been mentioned by the Ninth Circuit as part of the reason for the development of the credit-as-true rule but it is not a separate factor in the scope of remand analysis. *Treichler v. Comm'r of Soc. Sec.*, 775

Background. The ALJ issued a written opinion after a hearing where Kantarze and a Vocational Expert testified. The ALJ found that Kantarze had two severe impairments: lumbar and cervical spine degenerative disease and bilateral knee osteoarthritis. (Tr. 14) Because the ALJ concluded that these severe impairments did not meet or equal a listed impairment, the ALJ evaluated Kantarze's residual functional capacity and found that he had the capacity to perform less-than-light work. (Tr. 15) The ALJ further found that Kantarze could not perform any of his past relevant work but found that he could perform work that existed in significant numbers in the national economy. (Tr. 18) Accordingly, the ALJ concluded that Kantarze was not disabled.

Standard of Review. The only question before the Court is the scope of the remand. This analysis is governed by the Ninth Circuit's three-part test for evaluating the difference between a remand for benefits and a remand for further proceedings. *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090 (9th Cir. 2014); *Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014). Although the parties agree that the ALJ did not provide a legally sufficient reason for rejecting evidence, the parties disagree whether the record has been fully or thoroughly developed such that there are no outstanding issues to resolve and so further administrative purposes would serve no useful purpose. *Treichler*, 775 U.S. at 1100; *Garrison*, 759 at 1020. The parties also disagree whether the record, taken as a whole, leaves any uncertainty that Kantarze is disabled. *Id*.

Analysis. After treating Kantarze for several years, Gary A. Smith, M.D., completed two forms titled "Medical Assessment of Ability to do Work Related Activities." (Tr. 221, 360-62, 363-65) The September 2013 form limited Kantarze to occasional simple grasping and fine manipulation and never pushing/pulling of controls. (Tr. 361) The October 2014 form limited Kantarze to occasional simple grasping and

---

F.3d 1090, 1100 (9th Cir. 2014) ("credibility determinations are generally the perquisite of the agency . . . we justified [the credit-as-true] approach . . . by referring to equitable concerns about the length of time that had elapsed since the claimant had filed her application.") (citing *Varney v. Sec'y of Health & Human Servs.,* 859 F.2d 1396, 1398-99 (9th Cir. 1988)). Accordingly, Kantarze is not entitled to relief on this ground.

never pushing/pulling of controls and made no recommendation for fine manipulation limits. (Doc. 364) These limitations were not presented to the Vocational Expert at the hearing and were not discussed by the ALJ anywhere in the written decision. (Tr. 12-19, 53-57)

Matthew Khumalo, M.D., evaluated Kantarze at the request of the state agency and completed a report and a form titled "Medical Source Statement of Ability To Do Work-Related Activities (Physical)." (Tr. 333-38) Dr. Khumalo opined that Kantarze could occasionally handle and frequently finger and feel. (Tr. 337) The ALJ did not include these limitations in her questions to the Vocational Expert and did not mention any limitations to Kantarze's handling, fingering, and feeling. (Tr. 53-57) In the written opinion, the ALJ gave Dr. Khumalo's opinion "great weight" but, again, did not mention his limitations of Kantarze's handling, fingering, and feeling. (Tr. 337; Doc. 25 at 7)

Based on limited testimony by the vocational expert, it appears that the limitations left unmentioned by the ALJ's decision could be dispositive to an evaluation of whether Kantarze can perform any work that exists in significant numbers in the national economy. (Tr. 57) In other words, it appears that including these additional limitations could mean the difference between a finding of disability and not. However, because this is evidence that the ALJ never incorporated into the final decision, it is not appropriate for this Court to review it in the first instance. Instead, the most appropriate course of action is for the ALJ to incorporate these limitations during a *de novo* review.[2]

---

[2] The Commissioner also argues that there are conflicts in the record that preclude a remand for benefits. (Doc. 25 at 7, 8) The Court is not persuaded that the portions of the record noted by the Commissioner's response actually constitute conflicting medical opinions instead of examples of careless use of electronic medical record software. *See, e.g., Popick v. Vanderbilt University*, 2017 WL 976051, at *3 (Tenn. Ct.App., 2017) (testimony about auto-population of medical notes); *Ragueb ex rel. Ragueb v. Lutheran Medical Center*, 2014 WL 4635578, at *6 (N.Y. Sup., 2014) (testimony describing "automatically populated entry for the electronic medical record system"). *See also* Joseph D. Szerejko, *Reading Between the Lines of Electronic Medical Records*, 47 Conn. L. Rev. 1103, 1140 (2015) (discussing auto-population functions). However, the Court need not delve further into this matter because a remand for further proceedings is appropriate.

**IT IS ORDERED** granting the Commissioner's Motion to Remand for Further Proceedings. (Doc. 25) The Commissioner's decision is vacated and remanded for further proceedings consistent with this Order. The Clerk of the Court shall enter judgment accordingly and terminate the case.

**IT IS FURTHER ORDERED** that upon remand, the Commissioner will remand the case to an ALJ with instructions to issue a new decision that includes:

a) a review of all the limitations described by the treating and evaluating physicians;

b) a determination of Kantarze's residual functional capacity; and

c) a determination of the remaining steps in the sequential process using, if necessary, the testimony from a vocational expert.

Dated this 3rd day of May, 2017.

_____
David K. Duncan
United States Magistrate Judge